(32 Misc. Rep. 512.)

## FRANK v. McADAMS.

(Supreme Court, Appellate Term. October 16, 1900.)

BANKRUPTCY—TRUSTEES—ACTIONS—MUNICIPAL COURT OF NEW YORK—JURISDICTION.

Since Greater New York Charter, c. 378, § 1364, subd. 7, declares that the municipal court shall have jurisdiction of an action to recover one or more chattels, with or without damages for the taking, withholding, or detention thereof; and section 1365, enumerating cases in which the court cannot take jurisdiction, does not specify an action by a trustee in bankruptcy; and Laws 1898, relative to bankruptcy, gives trustees in bankruptcy power to enforce their claims in the courts of the state,—the municipal court of New York has jurisdiction of an action by such trustee to recover possession of chattels, in which it was alleged his bankrupt had an interest at the time of the filing of the petition in bankruptcy.

Appeal from municipal court of the city of New York.

Action by Leo Frank, trustee in bankruptcy, against James McAdams. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Nathan, Leventritt & Vorhaus, for appellant.
J. Levy, for respondent.

PER CURIAM. The plaintiff sues as trustee in bankruptcy of James Finan and Ann E. Finan to recover possession of certain chattels, in which it is alleged the bankrupts had an interest at the time of the filing of the petition in bankruptcy. The case was not disposed of below on the merits, but was dismissed by the justice, on the ground that the municipal court had no jurisdiction to entertain an action brought by a trustee in bankruptcy. We think this was error for which the judgment must be reversed.

Section 1364 of the Greater New York charter (chapter 378, Laws 1897) defines the cases in which the municipal court has jurisdiction. Among these (subdivision 7) is "an action to recover one or more chattels, with or without damages for the taking, withholding or detention thereof, where the value of the chattel or of all the chattels as stated in the affidavit made on the part of the plaintiff does not exceed $500," etc. Upon an examination of this section, it will be observed

that it deals with jurisdiction in relation to the subject-matter, and not with respect to the person who may either sue or be sued in such court. Section 1365 undertakes to declare the cases of which said court cannot take cognizance. These are stated to be where the title to real property comes in question; where the action is brought against an executor or administrator as such, and the amount claimed. is in excess of $50; here the action is against the city of New York as constituted by the act; and where, in a matter of account, the sum total of the accounts of both parties proved to the satisfaction of the court exceeds the amount of $1,000.

The plain construction of these statutory provisions is that, where the subject-matter of the action is within the jurisdiction of the court, any person having such a cause of action, whether in his own right or in a representative capacity, may sue for the enforcement of his claim in the municipal court, except where there is some statutory provision prohibiting him from so doing. Our attention has not been called to any such statutory provision with respect to trustees in bankruptcy. That such trustees may sue in the state courts for the enforcement of their rights is manifest under the bankruptcy law of 1898, and is not disputed. Having this right, we are unable to discover, as we have already stated, any prohibition whatsoever in any statute of the state against such a trustee resorting, in a proper case, to the municipal court for that purpose.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

